320          HAWAIIAN REPORTS, 1872.

J. Mott Smith, Minister of Finance, v. Herman Kockemann, Executor.

## SUPREME COURT—NISI PRIUS.

### JANUARY TERM—1872.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

J. MOTT SMITH, MINISTER OF FINANCE, vs. HERMAN KOCKE-
MANN, ONE OF THE EXECUTORS OF THE WILL OF ISAAC
MONTGOMERY, DECEASED.

BY Section 485 Civil Code, property is taxable which is devised for
the Roman Catholic Church, unless it be in the form named in the
statute.

OPINION OF THE COURT BY ALLEN, C. J.:

This is a case submitted by His Excellency J. Mott Smith,
His Majesty's Minister of Finance, and Herman Kockemann,
one of the Executors of the last Will and Testament of Isaac
Montgomery, deceased.

It appears by the statement of facts that Mr. Isaac Mont-
gomery devised all his property to the Right Reverend Louis
Maigret, Bishop of the Roman Catholic Church in the
Hawaiian Islands and his successors in the office of Bishop,
in trust for the use and benefit of the Roman Catholic Church
in the Hawaiian Islands forever. It is claimed that this
property is exempt from taxation by virtue of Section 485 of
the Civil Code, which is in these words, viz.:

"Section 485. Real property belonging to the King or
Queen; to the Government; to the Board of Education for
the use of schools; to religious societies, for church sites;
burying grounds, and houses of education, and to literary and
benevolent institutions, shall not be subject to taxation.
Personal property relating to the same persons and objects is
also exempt."

J. Mott Smith, Minister of Finance, *v.* Herman Kockemann, Executor.

It is contended that inasmuch as the proceeds of the property are to be devoted to the religious and secular instruction of the people and to the maintenance of churches and schools, it is by the provisions of the Code exempt from taxation. The question of exemption from taxation depends upon the construction of the Section of the Code referred to.

The property upon which the tax is claimed is held in trust for the use and benefit of the Roman Catholic Church in the Hawaiian Islands, and while it is held for this general purpose it does not come under any of the exemptions specified in the statute.

Property belonging to incorporated or private schools, church sites belonging to religious societies, burying grounds, and houses of education are exempt, and so is property belonging to literary and benevolent institutions. But the Roman Catholic Church, or any other church, is not described by any of the terms of the foregoing exemptions. Although the trustees may devote a portion of this fund to the religious and secular instruction of the people, still the property does not belong to a literary or benevolent institution.

Churches often do good in the dispensation of charities, and aid materially in sustaining schools, still it will not be contended that the language used in the Code includes churches under the general designation of literary and benevolent institutions. It is a limitation in purpose, which the history of all denominations of Christians entirely negatives. The Roman Catholic Church cannot be properly termed a literary or benevolent institution, while it often does much to promote both these objects, still its great purpose is religious instruction.

If any portion of this property devised is invested in church sites belonging to the Roman Catholic Church, or in houses of education, or in burying grounds, or has become the property by legal transfer of literary or benevolent insti-

41

tutions, to that extent the exemption will apply ; but from the statement of facts it does not appear that this has been done, but it is in trust for the use and benefit of the Roman Catholic Church in the Hawaiian Islands, forever. As long as it remains in that trust, and for the purpose specified, the exemption from taxation, as provided by the Civil Code, does not apply. The statute declares that real property belonging to the persons specified in the Act is exempt, and that personal property *relating* to the same persons is also exempt. Can there be any other meaning applied to the word "*relating,*" in this connection than that applied to the word "*belonging?*" The expression of "personal property relating to a person" is not very clear in its meaning, but the Court are of opinion that taking the section as a whole, it applies to property *belonging* to a person. And so of personal property relating to an object, namely, to incorporated or private schools, to houses of education, and to literary and benevolent institutions. The term in this connection is somewhat indefinite, but from the context the Court are of opinion that it refers to furniture or anything else in use in houses of education, in literary and benevolent institutions, or for any other purpose specified in the Act. But in our view it is clear that whatever property can be legally exempted must be set apart and become part and parcel of the object itself, or dedicated for its promotion.

The Court therefore award to J. Mott Smith, the Minister of Finance, the amount of the tax assessed, $170.87, with costs.

Judgment will therefore be entered for that amount, with costs, taxed at $16.75.

Hon. S. H. Phillips for the Treasury.

A. F. Judd for the defendant.

Honolulu, February 7th, 1872.